MANDATE

22-879
Freud v. N.Y.C. Dep't of Educ.

21-cv-2281(MKV)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of April, two thousand twenty-three.

PRESENT:

    BARRINGTON D. PARKER,
    RICHARD J. SULLIVAN,
        *Circuit Judges*,
    JOHN L. SINATRA, JR.,
        *District Judge.*[*]

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 18 2023

_____

ABRAHAM FREUD,

    *Plaintiff-Appellant*,

v.                        No. 22-879

NEW YORK CITY DEPARTMENT OF EDUCATION, DOROTHY COLLINS, individually and in her official capacity, RUDY E. GIULIANI, individually and in his official capacity, MARJORIE DALRYMPLE, individually and in her official capacity,

    *Defendants-Appellees*.[†]

_____

_____

[*] Judge John L. Sinatra, Jr., of the United States District Court for the Western District of New York, sitting by designation.

[†] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

MANDATE ISSUED ON 05/18/2023

| | |
|---|---|
| **For Plaintiff-Appellant:** | STEWART LEE KARLIN (Natalia Kapitonova, *on the brief*), Stewart Lee Karlin Law Group, PC, New York, NY. |
| **For Defendants-Appellees:** | DIANA LAWLESS (Richard Dearing, Claude S. Platton, *on the brief*), *for* Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Mary Kay Vyskocil, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Abraham Freud – a special-education teacher – appeals from the district court's dismissal of his complaint against the New York City Department of Education and three of its administrators (collectively, "Defendants"), alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, as well as other federal, state, and local laws.[1] In a nutshell, Freud alleged that Defendants discriminated against him based on his Orthodox Jewish religion,

---

[1] Freud does not challenge the dismissal of his other claims under federal, state, and local laws, nor the dismissal of the individual defendants.

2

retaliated against him when he complained of the disparate treatment to federal and local agencies, and subjected him to a hostile work environment. On Defendants' motion, the district court dismissed Freud's complaint for failure to state a claim.

"We review de novo a district court's dismissal of a complaint pursuant to Rule 12(b)(6)" of the Federal Rules of Civil Procedure, "accepting all factual allegations in the complaint as true[] and drawing all reasonable inferences in the plaintiff's favor." *Dolan v. Connolly*, 794 F.3d 290, 293 (2d Cir. 2015). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

The district court properly concluded that most of Freud's allegations of discrimination and retaliation were untimely. A Title VII claim is time-barred if it is not filed "with the [Equal Employment Opportunity Commission ("EEOC")] within 180 [days] or, in states like New York that have local administrative mechanisms for pursuing discrimination claims, 300 days 'after the alleged unlawful employment practice occurred.'" *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 79 (2d Cir. 2015) (quoting 42 U.S.C. § 2000e-5(e)(1)). Because Freud – who resided and worked in New York – filed his charges with the EEOC

3

on February 6, 2020, his discrimination and retaliation claims that occurred prior to April 12, 2019 are barred by Title VII's statute of limitation.[2]

Freud nonetheless argues that his claims are timely under the continuing-violation doctrine, which "applies to claims composed of a series of separate acts that collectively constitute one unlawful practice," *Gonzalez v. Hasty*, 802 F.3d 212, 220 (2d Cir. 2015) (alterations and internal quotation marks omitted), and "functions to delay the commencement of the statute[-]of[-]limitations period until the last discriminatory act in furtherance of that broader unlawful practice," *Tassy v. Buttigieg*, 51 F.4th 521, 532 (2d Cir. 2022) (internal quotation marks omitted). But the Supreme Court has made clear that "discrete discriminatory acts are not [themselves] actionable if time[-]barred, even when they are related to acts alleged in timely filed charges." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113–14 (2002) (explaining that "acts such as termination, failure to promote, denial of transfer, or refusal to hire" are clearly discrete adverse actions). To toll Title VII's statute of limitation, a plaintiff must instead "allege both the existence of an ongoing policy . . . and some non-time-barred acts taken in furtherance of

---

[2] Because "hostile work[-]environment claims are different in kind from discrete acts" and "cannot be said to occur on any particular day," the district court properly considered "the entire scope of [Freud's] hostile work[-]environment claim, including behavior alleged outside the statutory time period." *McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70, 75 (2d Cir. 2010).

4

that policy." *Lucente v. County of Suffolk*, 980 F.3d 284, 309 (2d Cir. 2020). Indeed, "[t]o hold otherwise would render meaningless the time limitations imposed on discrimination actions." *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 907–08 (2d Cir. 1997).

Here, the district court correctly observed that the complaint "parades a laundry list of discrete acts, untethered from any relation to each other." Sp. App'x at 13. For instance, Freud alleges that Defendants failed to timely replace his computer after a student accidentally damaged it, *see* App'x at 71; "confiscated [his] students' group worktable," *id.* at 74; dropped off a "brand-new student" to his classroom "without any prior notification," *id.* at 78; and placed him in a summer-school program at a location where he had "difficulty [with] parking," *id.* at 77. These allegations, even if viewed in the aggregate, simply do not suggest the existence of any "ongoing discriminatory policy" that extends into the limitations period. *Tassy*, 51 F.4th at 532; *see Patterson v. County of Oneida*, 375 F.3d 206, 220 (2d Cir. 2004). The district court therefore did not err by "consider[ing] only those claims that are not time-barred" with respect to Freud's discrimination and retaliation claims. Sp. App'x at 13.

Based on the timely allegations, the district court properly dismissed Freud's discrimination and retaliation claims, both of which require Freud to plausibly allege that his "employer took [an] adverse action against him." *Vega*, 801 F.3d at 87 (Title VII discrimination claim); *see also Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (Title VII retaliation claim). For purposes of a discrimination claim under Title VII, "an adverse employment action" is one that "materially . . . change[s] . . . the terms and conditions of employment" and "is more disruptive than a mere inconvenience or an alteration of job responsibilities." *Vega*, 801 F.3d at 85. We have identified several "[e]xamples of materially adverse changes," which "include termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities," and "the assignment of a disproportionately heavy workload." *Id.* (internal quotation marks omitted).

Freud alleges no such changes; instead, he protests, among other things, that Defendants assigned him to "a very difficult class for summer school," App'x at 84; placed him in a classroom on a floor without a restroom, *see id.* at 86; and required him to work with – in his view – "very low[-]functioning and high[-]maintenance students," *id.* But these alleged actions constituted "mere

6

inconvenience[s] or . . . alteration[s] of job responsibilities," and did not materially alter "the terms and conditions of [Freud's] employment." *Vega*, 801 F.3d at 85. Although Freud argues on appeal that he had a "disproportionately heavy workload," Freud Br. at 35, the complaint only alleges that he was assigned responsibilities within his role as a special-education teacher and states nothing to suggest that his workload was distinctively onerous compared to those of his colleagues. Because Freud has failed to plausibly allege an adverse employment action, the district court properly dismissed his discrimination claims.

Freud's retaliation claims fare no better. Although the definition of an adverse employment action for claims of retaliation "covers a broader range of conduct than . . . for claims of discrimination," *Vega*, 801 F.3d at 90, a plaintiff must still plausibly assert that the adverse employment action is "harmful to the point that it could well dissuade a reasonable worker from making or supporting a charge of discrimination," *Duplan v. City of New York*, 888 F.3d 612, 626–27 (2d Cir. 2018); *see also Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 57 (2006). "Petty slights or minor annoyances that often take place at work," on the other hand, "do not constitute actionable retaliation." *Hicks*, 593 F.3d at 165 (alteration omitted).

7

In this case, Freud alleges that Defendants retaliated against him by failing to inform him about an upcoming field trip, by requiring him to "go directly [through]" an assistant principal for the classroom supplies he needed, by delaying the delivery of iPads for his students, and by assigning him to teach a remote class during the COVID-19 pandemic "inside the school building rather than from home." App'x at 83, 88. Because none of the alleged employment actions amounted to more than minor annoyances that would not "dissuade a reasonable worker from making or supporting a charge of discrimination," the district court did not err in dismissing Freud's retaliation claims. *Duplan*, 888 F.3d at 627.

Freud has also failed to state a claim for hostile work environment, which requires him to plausibly allege that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of [his] employment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotation marks omitted). In determining whether a work environment is hostile, we consider the totality of the circumstances, which includes "(1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is threatening and humiliating, or a mere offensive

utterance; and (4) whether it unreasonably interferes with an employee's work performance." *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (internal quotation marks omitted).

Freud's allegations – even when considered in the aggregate – do not suggest that Freud worked in a school that was "permeated with discriminatory intimidation, ridicule, and insult." *Harris*, 510 U.S. at 21 (internal quotation marks omitted). At most, Freud has identified an assistant principal's episodic remarks allegedly expressing ignorance and dislike of his religious observance. *See* App'x at 83–84 (asking Freud whether all Jews "leave early from [their] job[s] on Fridays" and commenting that "Jews have it made" when Freud left school early). But the case law is clear that "[s]imple teasing, offhand comments, and isolated incidents . . . [do] not amount to discriminatory changes in the terms and conditions of employment." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 75 (2d Cir. 2001) (alteration omitted) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)). Even though Freud's allegations may reflect that his superiors were at times "harsh, unjust, and rude," *Alfano v. Costello*, 294 F.3d 365, 377 (2d Cir. 2002), he has failed to allege sufficient facts to show that "the complained of conduct . . . create[d] an environment that a reasonable person would find hostile or abusive,"

9

*Patane*, 508 F.3d at 113. We therefore conclude that the district court properly dismissed Freud's hostile work-environment claim.

We have considered Freud's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

10